**James CLEGG, Plaintiff–Appellant,**

v.

**Ricky BELL; Randle Ganaway; Richard Merchant, Defendants–Appellees.**

**No. 01–5018.**

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

*ORDER*

James Clegg, a Tennessee state prisoner, appeals pro se a district court order dismissing his civil rights action, filed under 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a

panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, injunctive, and declaratory relief, Clegg sued three officials of the Riverbend Maximum Security Institution whom he alleged were responsible for holding him in administrative segregation for over one year in violation of his due process rights. He alleged that he had lost personal property as a result of his segregation, that his segregation was in retaliation for a lawsuit against the defendant warden he had filed in 1991, and that his visitation rights had been restricted in violation of an agreement he had with the warden following the voluntary dismissal of another lawsuit. The district court dismissed the action for failure to state a claim, pursuant to 28 U.S.C. § 1915A, and denied Clegg's motion to vacate its judgment.

On appeal, Clegg reasserts his arguments that his retention in administrative segregation is in violation of his due process rights because it will affect his eligibility for parole, and his complaint concerning the restriction of his visitation rights. Clegg has abandoned on appeal his claims of deprivation of property and retaliation for a previous lawsuit, and these issues therefore need not be addressed. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Upon review, we conclude that the dismissal of this complaint for failure to state a claim must be affirmed, as Clegg could prove no facts which would entitle him to the relief requested. *Persian Galleries, Inc. v. Transcon. Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994).

Clegg raises two arguments as to how he believes his due process rights have been violated. He argues that he was originally placed in administrative segregation because he was accused of forgery, but that his monthly review statements have indicated that he is retained in segregation because he is suspected of theft, and he believes that this change in the charge against him violates due process. Secondly, he argues that the warden does not permit those responsible for reviewing his placement to recommend his release without prior approval, thus denying him access to the next stage of review that would arise if a recommendation to release were overruled by the warden. Clegg's procedural arguments are unavailing because the district court properly found that he has no liberty interest in release from administrative segregation that would give rise to due process rights, as his placement in segregation is not an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir.1998). Clegg argues that administrative segregation is an atypical and significant hardship because Tennessee law prohibits granting parole to prisoners classified as maximum security. Tenn. Code Ann. § 40–28–115. However, no entitlement to parole would arise if Clegg were not in maximum custody, and therefore the possibility that his sentence might have been shorter is too attenuated to invoke the guarantees of the Due Process Clause. *Sandin*, 515 U.S. at 487, 115 S.Ct. 2293. This is particularly true because Clegg was confined in a maximum security institution even before his administrative segregation, and the same statute contains a similar prohibition for paroling close custody prisoners.

Finally, Clegg argues that one of his visitors was removed from his visitor list in violation of an agreement with the defendant warden in exchange for the voluntary dismissal of an earlier lawsuit. Because

Clegg did not demonstrate that any formal settlement agreement existed, the district court correctly concluded in its order denying Clegg's postjudgment motion that there was nothing for it to enforce.

For all of the above reasons, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.